ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| EDUARDO ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00943-A |
| | § | |
| | § | |
| ELBIT SYSTEMS OF AMERICA, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ELBIT SYSTEMS OF AMERICA'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON GROUNDS OF RES JUDICATA AND BRIEF IN SUPPORT

## TABLE OF CONTENTS

**Page**

I.    SUMMARY OF THE MOTION ................................................................................1

II.    RELEVANT FACTS AND PROCEDURAL HISTORY ..........................................2

    A.    Plaintiff's Earlier Retaliation Lawsuit................................................................2

    B.    Plaintiff's Present Retaliation Lawsuit Against ESA ...........................................4

III.    ARGUMENT AND AUTHORITIES.......................................................................6

    A.    Legal Standards Under Rule 12(b)(6)................................................................6

    B.    *Res Judicata* Bars Claims Subject to a Final Judgment In An Earlier Proceeding.............6

    C.    Each Element of *Res Judicata* is Present........................................................7

        1.    There was a final judgment on the merits in *Rojas I*................................7

        2.    The Same Plaintiff and Defendant Were Present in *Rojas I*...................7

        3.    The Same Employment Action Was Challenged in *Rojas I* ...................8

IV.    CONCLUSION ..................................................................................................10

TABLE OF AUTHORITIES

Page

CASES

Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.,
20 F.3d 663 (5th Cir. 1994) .................................................................................. 6, 7, 8

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009) ............................................................................................... 6

Awad v. Chrysler Grp. LLC,
2013 WL 5816505 (E.D. Mich. Oct. 29, 2013) ......................................................... 9

Bell Atl. Corp. v. Twombly,
127 S. Ct. 1955 (2007) ............................................................................................... 6

Cole v. Heritage House Nursing & Ret. Ctr.,
2017 WL 3865699 (S.D. Miss. Aug. 30, 2017) ......................................................... 6

Davis v. Dallas Area Rapid Transit,
383 F.3d 309 (5th Cir. 2004) ..................................................................................... 9

Kilgoar v. Colbert Cty. Bd. of Educ.,
578 F.2d 1033 (5th Cir. 1978) ............................................................................... 8, 9

Maxwell v. U.S. Bank N.A.,
544 F. App'x 470 (5th Cir. 2013) .............................................................................. 7

Montana v. United States,
440 U.S. 147 (1979) ................................................................................................... 6

Ramming v. United States,
281 F.3d 158 (5th Cir. 2001) ..................................................................................... 6

Rojas et al. v. Elbit Systems of America, LLC et al.,
Case No. 5:17-cv-00307-DAE ......................................................................... passim

Simmons v. Cadence Design Sys., Inc.,
2008 WL 4449537 (N.D. Tex. Sept. 30, 2008) ........................................................ 10

Smith v. Waste Mgmt., Inc.,
407 F.3d 381 (5th Cir. 2005) ..................................................................................... 7

U.S. ex rel. Paul v. Parsons, Brinkerhoff, Quade & Douglas, Inc.,
860 F. Supp. 370 (S.D. Tex. 1994), aff'd sub nom. Paul v. Parsons, Brinkerhoff, Quade, & Douglas, 53 F.3d 1282 (5th Cir. 1995) ....................................................... 7, 9

U.S. ex rel. White v. Apollo Grp., Inc.,
2006 WL 487853 (W.D. Tex. Jan. 6, 2006) .............................................................. 6

## TABLE OF AUTHORITIES
(continued)

Page

**OTHER AUTHORITIES**

FED. R. OF CIV. P. RULE 12(b)(6) ................................................................................................... 1, 6

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Elbit Systems of America, LLC ("ESA") files this Motion to Dismiss Plaintiff's Original Complaint (the "Complaint") for failure to state a claim based upon *res judicata* and respectfully shows as follows:

## I.     SUMMARY OF THE MOTION

This lawsuit represents an attempted "second bite at the apple" following Eduardo Rojas's ("Plaintiff's") earlier failed attempt to challenge the legality of his termination of employment. Because *res judicata* bars the re-litigation of claims such as this, Plaintiff's present action should be dismissed with prejudice.

Seven months before Plaintiff filed the present action, he complained to a federal court in San Antonio that he was the victim of unlawful retaliation because he was allegedly terminated for opposing sexual harassment and retaliation in the workplace in violation of Title VII. On August 10, 2017, after Defendant filed two motions to dismiss for failure to state a claim, the Western District of Texas held that Plaintiff failed to state a claim and entered a final judgment dismissing all claims with prejudice, including Plaintiff's wrongful termination claim. Plaintiff did not appeal.

Having been unsuccessful earlier, Plaintiff has recast his prior factual allegations and opted for a different federal venue. However, Plaintiff still contends that his termination was "retaliation"—just as in the former lawsuit—only now he asserts that the statutes protecting him from retaliation are the False Claims Act ("FCA") and the Defense Contractor Whistleblower Protection Act ("DCWPA") instead of Title VII of the Civil Rights Act of 1964. Plaintiff cannot continue to file successive lawsuits raising alternative "retaliation" theories until he finds one that sticks. *Res judicata* prevents a party from prosecuting serial lawsuits that challenge the legality of the same employment action under alternative legal theories. Because Plaintiff could have, and should have, raised his alternative FCA and DCWPA retaliation claims in the former lawsuit, the

final judgment in the prior action prevents him from now proceeding any further in this one.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff's Earlier Retaliation Lawsuit

1.   On April 11, 2017, Plaintiff and four other individuals sued ESA and M7 Aerospace, LLC, in the Western District of Texas—San Antonio Division. *See Rojas et al. v. Elbit Systems of America, LLC et al.*, Case No. 5:17-cv-00307-DAE ("*Rojas I*").

2.   In *Rojas I*, Plaintiff alleged that on September 16, 2014, two male contractors and one female contractor were working on an aircraft in Hawaii when one of the male contractors allegedly made a sexist remark, which resulted in a human resources complaint being made to two days later.[1]

3.   According to the Complaint in *Rojas I*, Plaintiff learned of the alleged sexist remark days after it occurred when Christopher Trevino ("Trevino"), an individual in charge of organizing the project in Hawaii, contacted Rojas and informed him about it.[2]

4.   Plaintiff alleged in *Rojas I* that on September 26, 2014, Plaintiff "verbally informed management at Elbit Systems" of the incident and that he "emailed three in-house counsel for Elbit Systems regarding the retaliatory terminations" of two individuals who reported the alleged sexual harassment "as well as issues related to losing more than half of the DOD project crew in Hawaii."[3]

5.   According to the *Rojas I* Complaint, "[o]n September 29, 2014, [Plaintiff] had a meeting with Chris Puffer, counsel for Elbit Systems, to discuss his concerns regarding, *inter alia*, the harassment of Ms. Sciolino and the retaliatory terminations of Mr. Acque and Mr. Mitsuk."[4]

---

[1] Ex. 1, *Rojas I* Compl. ¶¶ 20–21, APP 006 (All citations to the concurrently filed appendix will be in the form "APP_").

[2] Ex. 1, *Rojas I* Compl. ¶ 26, APP 007.

[3] Ex. 1, *Rojas I* Compl. ¶ 29, APP 008.

[4] Ex. 1, *Rojas I* Compl. ¶ 30, APP 008.

6.    Plaintiff alleged in *Rojas I* that on "October 29, 2014, Elbit Systems removed all programs from [Plaintiff's] workload. [Plaintiff] was, instead, forced to sit substantially idle at his desk with menial and sporadic work for several months."[5]

7.    The *Rojas I* Complaint asserted that "[o]n March 2, 2015, Elbit Systems terminated [Plaintiff's] employment as a Senior Systems Engineer, citing a 'reduction in force.' Importantly, [Plaintiff] was the only engineer to be terminated during this 'reduction in force.'"[6]

8.    Plaintiff concluded in *Rojas I* that he was subjected to "adverse employment actions in retaliation for his expressed opposition to discriminatory employment practices and the sexual harassment of Ms. Sciolino. Namely, [Plaintiff] was retaliated against for good faith reporting and opposing Mr. Frankie's sexual harassment of Ms. Sciolino [....] Elbit Systems retaliated against [Plaintiff] by removing programs from his workload and forcing him to, instead, sit substantially idle at his desk for several months with menial and sporadic work. Ultimately, Elbit Systems retaliated against [Plaintiff] by terminating his employment on March 2, 2015, citing a 'reduction in force.'"[7]

9.    ESA moved to dismiss the complaint in *Rojas I* for failure to state a claim upon which relief could be granted.

10.    In response, Plaintiff filed an amended complaint, which ESA also moved to dismiss on the same grounds.[8]

11.    On August 10, 2017, Senior United States District Judge David Alan Ezra granted ESA's motion to dismiss, ordering that the action be "dismissed with prejudice" and entering

---

[5] Ex. 1, *Rojas I* Compl. ¶ 33, APP 008.

[6] Ex. 1, *Rojas I* Compl. ¶ 34, APP 009.

[7] Ex. 1, *Rojas I* Compl. ¶ 41, APP 010.

[8] *See* Ex. 2, *Rojas I*, Pls.' First Am. Compl., APP 018; Ex. 3, *Rojas I*, Defs.' Mot. to Dismiss First Am. Compl., APP 038.

judgment in favor of ESA.[9]

**B.    Plaintiff's Present Retaliation Lawsuit Against ESA**

12.    On November 22, 2017, three and a half months after the final judgment was entered in *Rojas I*, Plaintiff filed the present Complaint, asserting that ESA unlawfully terminated his employment—this time claiming the reason was retaliation for engaging in activity protected under the FCA and DCWPA.

13.    The present lawsuit is premised upon the same alleged adverse employment actions and recites the same general allegations as in *Rojas I*, except that instead of alleging he complained about the handling of a "sexual harassment" complaint, Plaintiff now contends that he made other types of complaints for which he was subjected to retaliation.

14.    As in *Rojas I*, Plaintiff contends that on September 26, 2014, he "emailed two in-house counsel for Elbit Systems."[10] Instead of challenging "sexual harassment" and "retaliation" against contractors, Rojas now reframes the e-mail to in-house attorneys on September 26, 2014, as being related to "concerns with DOD safety regulation compliance and issues related to losing more than half of the DOD project crew in Hawaii,"[11] the same factual contention also made in *Rojas I*.

15.    As in *Rojas I*, Plaintiff now alleges that on September 29, 2014, he "had a meeting with Chris Puffer, counsel for Elbit Systems[.]"[12] Now, however, he recasts this meeting as one to "discuss his concerns regarding compliance with safety regulations on the DOD project and the recent terminations of individuals at the site in Hawaii," rather than being a meeting to discuss his

---

[9] *See* Ex. 4, *Rojas I* Order, APP 058, 069; Ex. 5, *Rojas I* Judgment, APP 071.

[10] *Rojas II*, Dkt. No. 1 Compl. ¶ 12.

[11] *Rojas II*, Dkt. No. 1 Compl. ¶ 12.

[12] *Rojas II*, Dkt. No. 1 Compl. ¶ 13.

opposition to "harassment and retaliatory terminations" of those personnel.[13]

16.      As in *Rojas I*, Plaintiff now complains that "[o]n October 29, 2014, Elbit Systems removed all programs from [Plaintiff's] workload. [Plaintiff] was, instead, forced to sit substantially idle at his desk with menial and sporadic work for several months."[14]

17.      As in *Rojas I*, Plaintiff asserts that on March 2, 2015, "Elbit Systems terminated [Plaintiff's] employment as a Senior Systems Engineer [...] stating that his termination was part of a 'reduction in force.' Importantly, however, [Plaintiff] was the only Systems Engineer to be terminated during this 'reduction in force.'"[15]

18.      *Rojas II* is, in essence, a carbon copy of *Rojas I*, referencing the same nucleus of operative facts and the same adverse employment actions. However, this time Plaintiff has ascribed alternative unlawful motives for ESA's decision to terminate his employment.

19.      Although Plaintiff has included some additional factual gloss on his present retaliation complaint, the only substantive difference between *Rojas I* and *Rojas II*—one which does not impact *res judicata* analysis—is that, in *Rojas II*, Plaintiff's own conclusion about the alleged unlawful motivation for the actions has changed.

20.      Because *res judicata* concerns "operative facts," not "operative legal conclusions," Plaintiff's attempt to resurrect his wrongful termination claim under the False Claims Act and the Defense Contractor Whistleblower Protection Act should be rejected, and his new lawsuit dismissed with prejudice.

---

[13] *Rojas II*, Dkt. No. 1 Compl. ¶ 13.

[14] *Rojas II*, Dkt. No. 1 Compl. ¶ 22.

[15] *Rojas II*, Dkt. No. 1 Compl. ¶ 29.

## III.   ARGUMENT AND AUTHORITIES

### A.   Legal Standards Under Rule 12(b)(6)

Under Rule 12(b)(6), the Court should accept as true the factual allegations made in the complaint, as viewed in the light most favorable to the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a motion to dismiss, a complaint must assert facts demonstrating a claim for relief that "is plausible on its face"—meaning that the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). When the pleadings show that a plaintiff's claims are barred by *res judicata*, the plaintiff has failed to state a claim upon which relief may be granted and dismissal under Rule 12(b)(6) is appropriate. *See Cole v. Heritage House Nursing & Ret. Ctr.*, 2017 WL 3865699 (S.D. Miss. Aug. 30, 2017) (granting Rule 12(b)(6) motion to dismiss claims on *res judicata* grounds); *U.S. ex rel. White v. Apollo Grp., Inc.*, 2006 WL 487853 (W.D. Tex. Jan. 6, 2006) (same).

### B.   *Res Judicata* Bars Claims Subject to a Final Judgment In An Earlier Proceeding

*Res judicata* protects a party's adversaries "from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). *Res judicata* applies when "a prior action involving the same parties and the same cause of action reached final judgment … in a court of competent jurisdiction." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664–65 (5th Cir. 1994). The applicability of *res judicata* is established when "(1) there was a previous final judgment on the merits; (2) the prior judgment was between identical parties or those in privity with them; and (3) there is a second action based on the same

claims as were raised or could have been raised in the first action." *Smith v. Waste Mgmt., Inc.*, 407

F.3d 381, 386 (5th Cir. 2005).

To determine whether two complaints involve the same claims for *res judicata* purposes, the

critical issue is whether the plaintiff bases the two actions on the same nucleus of operative facts.

*Agrilectric Power*, 20 F.3d at 665. A judgment on the merits is conclusive for parties "not only as to

every matter which was offered and received to sustain or defeat the claim or demand, but as to any

other admissible matter which *might have been offered* for that purpose." *U.S. ex rel. Paul v.*

*Parsons, Brinkerhoff, Quade & Douglas, Inc.*, 860 F. Supp. 370, 372 (S.D. Tex. 1994), *aff'd sub*

*nom. Paul v. Parsons, Brinkerhoff, Quade, & Douglas*, 53 F.3d 1282 (5th Cir. 1995) (citing *Nevada*

*v. United States*, 463 U.S. 110, 129–30 (1983)).

### C. Each Element of *Res Judicata* is Present

#### 1. There was a final judgment on the merits in *Rojas I*

*Rojas I* culminated in an order granting ESA's Motion to Dismiss and a judgment in favor of

ESA, with prejudice, on August 10, 2017.[16] No appeal has followed. This disposition constitutes a

final judgment on the merits of Plaintiff's wrongful employment termination claim.

#### 2. The Same Plaintiff and Defendant Were Present in *Rojas I*

ESA and Plaintiff were both named parties in *Rojas I*, in addition to other parties joined as

plaintiffs and defendants in the case. The fact that the other four Plaintiffs have not joined Plaintiff

in his new lawsuit, and Rojas has not asserted claims against the two other former defendants from

*Rojas I*, is not material to the *res judicata* determination. *See, e.g., Maxwell v. U.S. Bank N.A.*, 544

F. App'x 470, 473 (5th Cir. 2013) (holding that *res judicata* barred all claims arising from the same

operative fact even where not all of the defendants had been named as parties in prior litigation).

---

[16] *See* Ex. 4, *Rojas I*, Order Granting Mot. to Dismiss First Am. Compl., APP 058, 069; Ex. 5, *Rojas I*, Judgment in a Civil Action, APP 071.



Here, all that matters is that Rojas is the same plaintiff and ESA is the same defendant in the case where Plaintiff previously litigated Plaintiff's wrongful employment termination claim in *Rojas I.*

### 3.  The Same Employment Action Was Challenged in *Rojas I*

The fact that Plaintiff has now adopted new legal theories supporting of his wrongful termination claim does not make this a "new" or "different claim" for purposes of *res judicata*. The Fifth Circuit has adopted a "transactional test" for determining whether the claims are the same. *Agrilectric Power*, 20 F.3d at 665. "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this [*res judicata*] inquiry." *Id.* Instead, "the critical issue is [...] whether the plaintiff bases the two actions on the same nucleus of operative facts." *Id.* In short, *res judicata* prevents a litigant from successively challenging the same actions with different successive theories—which is exactly the circumstance here. *See id.* (noting that when a plaintiff "has a choice of more than one remedy for a given wrong ... [he] may not assert them serially, in successive actions, but must advance all at once on pain of bar.").

In both the present lawsuit and the former, Plaintiff claims that he was subjected to two allegedly retaliatory employment actions: (1) being stripped of all meaningful job duties in October 2014, and (2) the termination of his employment in March 2015. ESA's actions towards Plaintiff, rather than the underlying "reasons" for those actions, are the "operative facts" that form the nucleus of the former lawsuit and the present one. *See Kilgoar v. Colbert Cty. Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir. 1978) (holding that the phrase "same cause of action" refers to "all grounds for relief arising out of the conduct complained of in the original action."). In the original action, ESA's conduct of which Plaintiff complained was the diminishment of his job duties and the termination of his employment. Because Plaintiff is still complaining about the exact same employment actions, this is the "same cause of action."

Because Plaintiff could have, and should have, raised any and all alternative "retaliation" theories in his original action, his second attempt is barred by *res judicata*. *See Kilgoar*, 578 F.2d at 1035 (holding that plaintiffs were "barred from presenting any ground for relief arising out of the defendants' conduct complained of in their first or second lawsuits."); *Awad v. Chrysler Grp. LLC*, 2013 WL 5816505, at *7 (E.D. Mich. Oct. 29, 2013) (applying *res judicata* where two "actions involve the underlying issue of [plaintiff's] allegedly unlawful termination" supported by "two different theories of why he was ultimately retaliated against"). "[F]uture claims will be barred if it is reasonable to presume that the parties would expect the two actions to be treated together in the original case." *U.S. ex rel. Paul v. Parsons, Brinkerhoff, Quade & Douglas, Inc.*, 860 F. Supp. 370, 375 (S.D. Tex. 1994) (holding that where the plaintiff first brought a wrongful termination claim for refusal to perform an illegal act under the False Claims Act, a subsequent suit alleging pricing violations under the FCA was barred by *res judicata* because it arose from the same operative facts), *aff'd without opinion*, 53 F.3d 1282 (5th Cir. 1995).

No new facts have arisen in the time since Plaintiff's first lawsuit. As the Fifth Circuit has explained, where the conduct alleged to be unlawful in the second suit took place before the first suit was filed, the claims "could have and should have" been brought in the original action. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004) ("the conduct [plaintiffs] alleged in *Davis II* ... occurred before *Davis I* [and] constitute a series of connected transactions and are the same claim."). Even where the "factual allegations articulated in the two complaints differ, all of the claims in question originate from the same continuing course of allegedly discriminatory conduct[.]" *Id.* (holding that judgment on claims related to alleged discriminatory acts occurring between November 1998 and February 2001 in the first suit barred the same type of claims related to alleged discrimination actions occurring between December 2001 and April 2002

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT BASED ON RES JUDICATA AND BRIEF IN SUPPORT                                      PAGE 9

137724824.3

that were raised in the second suit); *Simmons v. Cadence Design Sys., Inc.*, 2008 WL 4449537, at *4 (N.D. Tex. Sept. 30, 2008) (holding that *res judicata* barred second suit where the plaintiff "complains of racial discrimination and racial harassment and hostile work environment in *Simmons I* and retaliation in *Simmons II* [where] he cites many of the same incidents in both suits to support his claims").

Here, Plaintiff is not even challenging a different set of employment actions as were complained of in *Rojas I*. He has recited the same basic facts, same adverse employment actions, and the same communications with the same individuals, and he has only pivoted his legal conclusion about ESA's alleged "unlawful" motivation. Because Plaintiff has already sued once for wrongful termination and suffered an adverse final judgment, he does not get to try his case again under the banner of a different statute.

## IV.   CONCLUSION

For the foregoing reasons, Elbit Systems of America, LLC, respectfully requests the Court to grant this Motion, to dismiss Plaintiff's claims with prejudice, and to award ESA all such other and further relief, at law or at equity, to which they have shown themselves entitled.

Dated: January 26, 2018

Respectfully submitted,

*Ann Marie Painter*

Ann Marie Painter
Texas Bar No. 00784715
AMPainter@perkinscoie.com
Jason R. Elliott
Texas Bar No. 24050558
JElliott@perkinscoie.com
Lauren M. Kulpa
Texas Bar No. 24097961
LKulpa@perkinscoie.com
Hayden M. Schottlaender
Texas Bar No. 24098391
HSchottlaender@perkinscoie.com

PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas  75201-3347
Tel.:  214.965.7700
Fax:  214.965.7799

**ATTORNEYS FOR DEFENDANT ELBIT
SYSTEMS OF AMERICA, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on January 26, 2018, a true and correct copy of the above and foregoing has been served upon all parties via e-mail and first class U.S. Mail, as follows:

**Susan E. Hutchison**
**James Robert Hudson , Jr.**
Hutchison & Stoy, PLLC
509 Pecan Street, Suite 201
Fort Worth, TX 76102
hutch@hsjustice.com
jr@hsjustice.com

Ann Marie Painter