
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 8 2018
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDUARDO ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-943-A |
| | § | |
| ELBIT SYSTEMS OF AMERICA, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Elbit Systems of America, LLC, to dismiss. The court, having considered the motion, the response of plaintiff, Eduardo Rojas, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On April 11, 2017, plaintiff and others filed a lawsuit against defendant and others in the United States District Court for the Western District of Texas, San Antonio Division, under Civil Action No. 5:17-CV-00307-DAE (the "San Antonio action"). Doc.[1] 8, Ex. 1. Plaintiff alleged: On September 16, 2014, one employee sexually harassed another by making one statement; on September 18, 2014, the employee who had been harassed wrote and delivered a letter to human resources complaining of the

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

harassment. Id. at 6, ¶¶ 20-21. Those who had witnessed the harassment also complained and were terminated. Id., ¶ 22; id. at 7, ¶ 28. One of the witnesses, Joseph Trevino ("Trevino"), contacted plaintiff to complain and, id., at ¶ 26, on September 26, 2014, plaintiff complained to defendant's management and emailed its in-house counsel alleging retaliatory termination of the witnesses "as well as issues related to losing more than half of the DOD project crew in Hawaii." Id. at 8, ¶ 29. On September 29, 2014, plaintiff met with counsel for defendant "to discuss his concerns regarding, *inter alia*, the harassment . . . and retaliatory terminations." Id., ¶ 30. On October 29, 2014, defendant removed all programs from plaintiff's workload, forcing him to sit substantially idle for several months. Id., ¶ 33. On March 2, 2015, defendant terminated plaintiff's employment, citing a reduction in force. Id. at 9, ¶ 34.

In the San Antonio action, plaintiff sued defendant for retaliation under Title VII, seeking damages under 42 U.S.C. § 2000e-5, including back pay, front pay, and other equitable relief. Doc. 8 at 10-11, 15. Defendant filed a motion to dismiss. Id. at 69. On July 3, 2017, plaintiff filed an amended complaint. Id., Ex. 2. Defendant filed another motion to dismiss. Id., Ex. 3. The court granted the motion, dismissing plaintiff's claims with prejudice. Id., Ex. 4. The court found that reliance on a

2

single, isolated comment would not support a retaliation claim. Id. at 68.

On November 22, 2017, plaintiff filed his original complaint in this action. Doc. 1. In it, he alleges: On September 16, 2014, plaintiff reviewed an email from Trevino. Doc. 5 at 4, ¶ 11. On September 26, 2014, plaintiff emailed defendant's in-house counsel regarding his concerns with safety regulation compliance and "issues related to losing more than half of the DOD project crew in Hawaii." Id., ¶ 12. On September 29, 2014, plaintiff met with counsel for defendant "to discuss his concerns regarding compliance with safety regulations on the DOD project and the recent terminations of individuals at the site in Hawaii." Id. at 5, ¶ 13. On October 9, 2014, plaintiff and Trevino contacted the Judge Advocate General's Corps and the Department of Defense, Officer of the Inspector General regarding "concerns with safety regulation compliance on the DOD project and personnel issues at the Hawaii site." Id., ¶ 15. Plaintiff provided substantial information to assist an investigation into his concerns. Id. at 6, ¶ 16. On October 29, 2014, defendant removed all programs from plaintiff's workload, forcing him to sit idle for several months. Id., ¶ 22. On March 2, 2015, defendant terminated plaintiff, citing a reduction in force. Id., at 9, ¶ 29.

Plaintiff now sues defendant for retaliation under 10 U.S.C. § 2409, referred to as the Defense Contractor Whistleblower Protection Act ("DCWPA"), and 31 U.S.C. § 3730(h), a part of the False Claims Act ("FCA"). He seeks to recover the same relief sought by the San Antonio action, that is, back pay, front pay, and other equitable relief. Doc. 5 at 16.

II.

Ground of the Motion

Defendant maintains that plaintiff's claims are barred by res judicata, plaintiff having previously filed a lawsuit based on the same nucleus of operative facts.

III.

Applicable Legal Standard

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. Dean v. Mississippi Bd. of Bar Admissions, 394 F. App'x 172, 175 (5th Cir. 2010). In making such a ruling, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

Under Fifth Circuit law, "res judicata is the 'venerable legal canon' that insures the finality of judgments and thereby

4

conserves judicial resources and protects litigants from multiple lawsuits. Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983). Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was or could have been involved in both actions. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former

5

adjudication . . . not merely those that were adjudicated.

Nilson, 701 F.2d at 560 (emphasis in original). See also Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004) (prior judgment's preclusive effect extends to all rights of plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."); Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

IV.

Analysis

There is no dispute as to the first three elements of res judicata.[2] Both plaintiff and defendant were parties to the San Antonio action. The court had jurisdiction over the claims asserted. And, the San Antonio action was concluded by final judgment on the merits. Plaintiff does not contest that the two actions concern the same nucleus of operative facts. Agrilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994). Rather, he maintains that the claims asserted here

---

[2]Although plaintiff argues that the San Antonio court was not a court of competent jurisdiction, he does not contest that the court had jurisdiction over the claims asserted in the San Antonio action. He argues that the court would not have had jurisdiction over the claims he is asserting here.

6

could not have been brought in the San Antonio action. Specifically, although all of the facts giving rise to the claims here had occurred at the time the San Antonio action was filed, plaintiff says that he could not have brought his claim under DCWPA because he had to exhaust his administrative remedies first. And, he takes that position that because the claim under the FCA is factually inseparable, he was unable to assert it before the San Antonio action was dismissed. Doc. 10 at 2.

Plaintiff has no support for the proposition that he could not have asserted the FCA claim in the San Antonio action. And, the cases he cites regarding the necessity of exhausting administrative remedies before asserting the DCWPA claim are not persuasive. As the Fifth Circuit has made plain, an exhaustion requirement is not jurisdictional in the absence of an explicit statutory requirement. Williams v. J.B. Hunt Transport, Inc., 826 F.3d 806, 810 (5th Cir. 2016). The DCWPA does not contain the type of explicit statutory language required to make the administrative relief provision jurisdictional. Quinn v. Booz Allen Hamilton, Inc., No. 3:14CV111/MCR/EMT, 2014 WL 12323684, at *3 (N.D. Fla. Dec. 2, 2014). Because plaintiff's claims arose from the same common nucleus of operative facts as the claims in the San Antonio action, plaintiff was on notice that he must assert them. Murry v. General Servs. Admin., 553 F. Appx. 362,

365 (5th Cir. 2014)(lack of a right to sue letter does not affect the rules of res judicata); Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316 (5th Cir. 2004). Having failed to do so, these claims are now barred by res judicata.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED March 8, 2018.

_____
JOHN McBRYDE
United States District Judge